

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LISA YVONNE WHALEY PERRY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:13-cv-03608-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND REVERSING AND REMANDING
## DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB) and supplemental security income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to Defendant for further consideration as discussed within the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 15, 2015, and Defendant filed her objections on May 1, 2015.  The Court has carefully considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Plaintiff alleges that her disability commenced on December 10, 2009.  The Social Security Administration denied her claim, both initially and upon reconsideration.  Plaintiff then requested a hearing before an Administrative Law Judge (ALJ) after which he issued a decision on August 30, 2012, finding that Plaintiff was not disabled under the Act.  The Appeals Council declined review. Plaintiff thereafter filed this action for judicial review.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).  The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

As is relevant here, the ALJ found that "[Plaintiff] has the following severe impairments: bipolar disorder, schizoaffective disorder, and right hand injury (20 C.F.R. §§ 404.1520(c) and 416.920(c))."  A.R. 10.  The ALJ further stated that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525,

416.920(d), 416.925 and 416.926)." *Id*. at 11.

Plaintiff maintains that the ALJ neglected to complete a proper listing analysis at Step Three

of the five-step sequential evaluation process.  As summarized by the Magistrate Judge,

> [s]pecifically, the plaintiff argues that the ALJ erred with regard to
> Listings 12.03[1] and 12.04 in finding that she had only "moderate"
> limitations in the "paragraph B"[2] areas of social functioning and
> concentration, persistence, or pace.  With regard to social functioning,
> the ALJ stated: "[T]he claimant has moderate difficulties.  The
> claimant reports getting along with others and was described by the
> consultative examiner as pleasant and cooperative.  However, the
> claimant has a history of responding to internal stimuli and grandiose
> delusions, causing moderate difficulties in this area[.]" (Tr. 11).  As
> noted by the plaintiff, the BCMHC staff described the plaintiff's
> delusions as "baseline" indicating that, even with medication
> compliance, the plaintiff is typically animated by delusional
> thinking[.]  (Tr. 304-305).  The ALJ did not address the fact that
> some of the plaintiff's delusions involved mistrust of others and
> paranoid ideation (Tr. 302, 304, 320).  The plaintiff generally stayed
> by herself because others did not understand her (Tr. 262), and she
> told BCMHC staff that, "People don't like living with her. That
> leave[s] her kinda homeless[.]" (Tr. 266).  With regards to both her
> social functioning and concentration, persistence, or pace, the
> plaintiff argues that the ALJ erred in relying too heavily on the
> consultative examination by Dr. Spivey[.]  (Tr. 11; *see* Tr. 277-79).
> The plaintiff contends that the ALJ did not adequately consider
> evidence showing that she alternated between periods of intense
> activity and periods of abnormally low activity[.]     (Tr. 260).
> Notably, even Dr. Spivey found the plaintiff's concentration was "fair
> to poor (Tr. 279).

Report 14-15.

---

[1]There appears to be a scrivener's error inasmuch as the Report refers to Listing 12.05 as
relevant to this case.  *See*  Report 17.  Listings 12.03 and 12.04, however, are the only listings
that pertain to this case.  Thus, any reference to Listing 12.05 should be deleted.

[2]Paragraph B refers to "a set of impairment-related functional limitations." *See*
http://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm  (last
visited May 18, 2015).

Plaintiff also contends that, even assuming that her impairments failed to meet Listings 12.03 and 12.04, the ALJ did not properly (1) examine whether her hand impairment was "of equal significance" to the missing criteria and (2) consider her impairments in combination. The Magistrate Judge suggests that Plaintiff is correct as to each of these two arguments. Defendant objects. Therefore, the Court will address each of Defendant's objection in turn.

First, Defendant maintains that the Magistrate Judge erred in finding that the ALJ improperly considered the paragraph B criteria. The Court is unpersuaded.

Defendant "must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, [Defendant] cannot do so for no reason or for the wrong reason." *Id*. Further, the Court "cannot determine if findings are unsupported by substantial evidence unless [Defendant] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). "Unless [Defendant] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational. *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir.1977) (citation omitted) (internal quotation marks omitted).

Nevertheless, Defendant is correct that "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." Defendant's Objections 2 (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). The duty of explanation is satisfied "[i]f a reviewing court can discern 'what the ALJ did and why

he did it.'" *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (citation omitted).  And, therein lies the problem with Defendant's argument.

Having reviewed the record under the standard set forth above, the Court cannot say that  it can discern what the ALJ did and why he did it.  As Plaintiff complains, the ALJ failed to address relevant evidence and neglected to explain adequately why he was giving the amount of weight to some of the evidence that he did address.  Accordingly, the Court will reverse and remand this case to the ALJ for further consideration and/or explanation.

Second, Defendant contends that the Magistrate Judge erred in suggesting that the ALJ failed to properly consider whether the combination of Plaintiff's impairments medically equaled a listed impairment.  The Court disagrees.

According to Defendant, "[t]he ALJ evidenced his consideration of whether the combination of Plaintiff's impairments medically equaled a listed impairment when he explained that Plaintiff 'does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments' and that '[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.03 and 12.04[.]'"  Defendant's Objections 6-7 (quoting A.R. 11).  But, that is not the law of this Circuit.          "[I]n evaluating the effect[ ] of various impairments upon a disability benefit claimant, [Defendant] must consider the combined effect of  [Plaintiff's]  impairments and not fragmentize them. As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

The cases that Defendant cites in support of her contention that the ALJ's conclusory statement is sufficient to survive judicial review are distinguishable from this case.

5

First, in *Green v. Chater*, 64 F.3d 657 (Table), 1995 WL 478032, at *3 (4th Cir. 1995), the

Fourth Circuit gave several reasons for affirming the ALJ's decision:

> The ALJ found "that the record documents a severe combination of impairments," but that "[n]one of these impairments, considered singularly or in combination, can be said to meet or equal any section of the Secretary's listings. . . . " Furthermore, the ALJ found that Green's combination of impairments preclude heavy lifting. The ALJ listed all of the alleged impairments, and discussed why he found many of Green's alleged symptoms were not credible. In addition, the ALJ found that many of Green's alleged symptoms were treatable. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163 (4th Cir.1986) (citation omitted). Therefore, the district court correctly determined that the ALJ had adequately explained his evaluation of the combined effect of Green's impairments.

*Id.* But, in this case, the only reason that Defendant gives for upholding the ALJ's decision is the

ALJ's conclusory statement that, as quoted above, Plaintiff "'does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed

impairments' and that '[t]he severity of the claimant's mental impairments, considered singly and

in combination, do not meet or medically equal the criteria of listings 12.03 and 12.04[,]'" A.R. 11.

Second, in *King v. Colvin*, Civil Action No. 9-13-1963-MGL, 2015 WL 337644, at *3

(D.S.C. Jan. 26, 2015), this Court stated that "our general practice, which we see no reason to depart

from here, is to take a lower tribunal at its word when it declares that it has considered a matter."

*Id*. (citation omitted). In that case that ALJ stated that

> I have considered the combined effects of [Plaintiff's] alleged impairments, both severe and non-severe, on [Plaintiff's] ability to work. While the combination of [Plaintiff's] impairments imposes some limitations, there is no indication in the record that [Plaintiffs] ability to sustain consistent function has been complicated by the combination of these impairments. Although there is evidence that her idiopathic hypersomnia has contributed to her depression and anxiety, there is no evidence that the combination of [Plaintiff's]

6

impairments imposes greater limitations than those inherent in the
residual functional capacity stated below.

*Id.* So, in *King,* the ALJ discussed whether the combination of Plaintiff's impairments medically

equaled a listed impairment, albeit briefly.  This brief discussion demonstrated to this Court that the

ALJ had adequately considered the combination of the plaintiff's impairments.

The conclusory nature of the ALJ's statement in this case is such that the Court will depart

from it's general practice of taking a lower tribunal at its word.  As already noted, *Walker* requires

that "[Defendant] must consider the combined effect of  [Plaintiff's]  impairments and not

fragmentize them." *Walker*, 889 F.2d at 50.   Further, the ALJ must adequately explain his or her

evaluation of the combined effects of the impairments." *Id*.  Here, the ALJ failed to comply with

these requirements.   Accordingly, Plaintiff is entitled to have her claim remanded for proper

consideration. *Id*.

After a thorough review of the Report and the record in this case pursuant to the standard set

forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does

not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of the Court that

Defendant's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and that the

case is **REMANDED** to Defendant for further consideration as discussed within the Report.

**IT IS SO ORDERED**.

Signed this 18th day of May, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

7